# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN MILLER, neé Webber, on behalf of herself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SOUTHWEST CREDIT SYSTEMS, L.P. ) ) Defendant. ) | Civil Action No. 18-cv-04088 Jury Demanded |

## CLASS COMPLAINT

Plaintiff, Carolyn Miller, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent Plaintiff a collection letter that failed to identify the current creditor of the alleged debt Defendant was attempting to collect in violation of the FDCPA.

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector with adequate disclosure of her rights under the law. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court.

**PARTIES**

6. Plaintiff, Carolyn Miller, neé Webber, ("Plaintiff"), is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted credit account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Southwest Credit Systems, L.P. ("Southwest") is a Texas limited partnership with its principal place of business in Carrollton, Texas. It is authorized to do business in Illinois. Its registered agent is C T Corporation System, located at 208 S LaSalle St., Suite 814, Chicago Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

8. Southwest is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Southwest holds a collection agency license from the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. Southwest regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes, originally for a "MONI" credit account ending in 9902 ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

13. Plaintiff has not owned or operated any business and has not taken credit on behalf of any business.

14. All of Plaintiff's alleged debts arise from credit used for personal or household purposes.

15. Southwest subsequently began collecting the alleged debt.

16. On or about March 29, 2018, Southwest sent a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

17. The Letter conveyed information regarding the alleged debt, including an account number and total balance due on the alleged debt.

18. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

19. The Letter was the initial communication to Plaintiff.

20. The Letter lists "CREDITOR" as "MONI."

21. There is no such entity as Moni, nor is any such entity registered with the State of Illinois to do business with Illinois consumers.

22. The Letter states that Plaintiff's account has "been assigned" to Southwest. (Ex. C).

23. The Letter further directs Plaintiff to send payments and correspondence to Southwest and lists an address and telephone number for Southwest.

24. Southwest further directs Plaintiff to its website for payment.

25. The Letter does not identify any company as the current creditor to whom the debt is owed.

26. A simple statement listing a company as the "current creditor" would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

27. Plaintiff was confused, and an unsophisticated consumer would be confused, as to whom the debt was allegedly owed.

28. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

29. Defendant has failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Solutions, LLC, et al.,* 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); *Walls v. United Collection Bureau, Inc., et al.,* 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

30. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

31. Plaintiff, Carolyn Miller, brings this action individually and on behalf of a class, described as (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a defaulted "MONI" credit account (3) to whom it sent an initial

4

communication letter substantially similar to that of Exhibit C from (4) 1 year prior to the filing of this Complaint to 20 days after (the "Class").

32. Since Exhibit C is a form letter, the Class is likely to consist of more than 40 persons from whom Defendant attempted to collect a debt using the Collection Letter attached as Exhibit C.

33. Plaintiff Miller's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of each Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

35. Plaintiff Miller will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Miller has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

37. Defendant has failed to state the name of the creditor to whom a debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff Coleman and the class members and against Defendant Southwest as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com