UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CHICAGO DIVISION

| | |
|---|---|
| CAROLYN MILLER, on behalf of herself and other similarly situated, | |
| *Plaintiff,* | CASE NO. 1:18-cv-04088 |
| v. | Hon. Rebecca R. Pallmeyer |
| SOUTHWEST CREDIT SYSTEMS, L.P., | |
| *Defendant.* | |

**DEFENDANT SOUTHWEST CREDIT SYSTEMS, L.P.'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Southwest Credit Systems, L.P. ("SWC"), and files its Motion for Summary Judgment, and will show onto this Court as follows:

### I. INTRODUCTION

1. Carolyn Miller ("Plaintiff") filed this lawsuit on June 12, 2018, complaining of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Doc. 1. Plaintiff alleges SWC violated the FDCPA by failing to state the name of the creditor to whom a debt is owed in violation of 15 U.S.C. § 1692g(a)(2). *Id.* Specifically, Plaintiff alleges SWC's letter identifying the creditor as "MONI" fails to state the name of the creditor because "[t]here is no such entity as Moni, nor is any such entity registered with the State of Illinois to do business with Illinois consumers." Doc. 1 at 3.

2.      By this motion and the evidence attached hereto, SWC establishes no genuine issue of material fact exists as to any of Plaintiff's allegations, and that SWC is entitled to summary judgment under the FDCPA. There is conclusive evidence that SWC's letter did in fact state the creditor properly as "MONI" as required by FDCPA § 1692g(a)(2). At the time the letter was sent, MONI was the creditor to whom the debt was owed. Prior to SWC's letter, Plaintiff had an active alarm monitoring account with Platinum Protection. Exhibit E at 25:3-23; Depo. Exhibit 1. This account was later assigned to Monitronics International, Inc. ("Monitronics") per the terms of contract. Depo. Exhibit 1; Depo. Exhibit 1A (enlarged Assignment clause). Plaintiff had this account from approximately July 30, 2011 to October of 2014. (date of contract, Depo. Exhibit 1); (Exhibit E at 30:1-9; Depo. Exhibit 2 (cancellation letter sent to Monitronics). Thereafter, in September of 2016, Monitronics rebranded and changed its name to MONI. Exhibit 1 at 2. Then, in 2017, Plaintiff's account was placed with SWC for collection, and at that time, the current creditor of Plaintiff's debt was, in fact, MONI. *Id*. Plaintiff's cancellation letter to Monitronics contained the same account number SWC's collection letter, #601119902, showing she could reasonably identify the subject debt and creditor. Exhibit B; Depo. Exhibit 2. Therefore, no violation of FDCPA § 1692g(a)(2) occurred. Due to this, SWC requests this Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's claims.

## II. ARGUMENTS AND AUTHORITIES

**A. Standard of Law**

3.      A party is entitled to summary judgment if it shows that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, the Court views the record in a light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*.,

477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248, 106 S.Ct. 2505. On cross-motions for summary judgment, the Court assesses whether each movant has satisfied the requirements of Rule 56. *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co*., 427 F.3d 1038, 1041 (7th Cir.2005); *Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013).

4. To determine if the collection letters at issue violate the FDCPA as alleged by the Plaintiff, courts examine the letters from the standpoint of the so-called unsophisticated consumer or debtor. *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564–66 (7th Cir. 2004) (reviewing § 1692e, § 1692f, and § 1692g claims under unsophisticated consumer/debtor standard). While the unsophisticated debtor is considered "uninformed, naive, or trusting," he is nonetheless deemed to possess "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id*. (internal quotations omitted). Further, the unsophisticated-debtor standard is an objective one and is not the same as the rejected least-sophisticated-debtor standard; accordingly, courts disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters. *Pettit v. Retrieval Masters Creditors Bureau, Inc*., 211 F.3d 1057, 1060 (7th Cir. 2000); *Gammon v. GC Servs., L.P*., 27 F.3d 1254, 1257 (7th Cir. 1994). To that end, a mere claim of confusion is not enough: a plaintiff must show that the challenged "language of the letters unacceptably increases the level of confusion." *Johnson v. Revenue Mgmt. Corp*., 169 F.3d 1057, 1060 (7th Cir. 1999) (emphasis omitted). Under this standard, a plaintiff's anecdotal proclamations of being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact "unless a significant fraction of the population would be similarly misled." *Pettit*, 211 F.3d at 1060; *Taylor v. Cavalry Inv., L.L.C*., 365 F.3d 572, 574–75 (7th Cir. 2004).

**B. Defendant properly stated the name of the creditor as required by 15 U.SC. § 1692g(a)(2).**

5. Plaintiff alleges SWC "failed to effectively state the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2)." Doc. 1 at 4. Section 1692g(a) of the FDCPA states the following:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> **(2) the name of the creditor to whom the debt is owed**;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a) (emphasis added). Plaintiff's asserts SWC's letter does not properly identify the creditor to whom the debt is owed because it identifies the creditor as "MONI" and alleges "there is no such entity as Moni, nor is any such entity registered with the State of Illinois…." Doc. 1 at 3. Plaintiff is incorrect because the letter stated the name of the current creditor at the time of the letter and, whether applying the unsophisticated consumer or the competent attorney standard, the letter is plainly not false, deceptive, or misleading. Accordingly, judgment is appropriate in SWC's favor. As shown in the affidavit provided by Jeff Hazzard, COO and CIO of SWC, the creditor at the time the account was placed with SWC was MONI. Exhibit A at 2; Exhibit C. Thus,

SWC stated the name of the creditor to whom the debt was owed and no violation of the FDCPA occurred.

6. The Seventh Circuit analyzes collection letters sent directly to consumers under an objective, "unsophisticated consumer" standard. *See, e.g.*, *Durkin v. Equifax Check Servs.*, 406 F.3d 410, 414-15 (7th Cir. 2005) (applying unsophisticated consumer standard to § 1692e claim); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323 (7th Cir. 1999) (applying unsophisticated consumer standard to § 1692g claim). This standard presumes that the average debtor "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Pettit*, 211 F.3d 1057, 1060. Because SWC sent the collection letter directly to Plaintiff, the unsophisticated consumer standard applies to her.

7. To be considered confusing to the unsophisticated consumer, "a letter must be confusing to 'a significant faction of the population.'" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012); *Durkin*, 406 F.3d at 414-15. "As an outgrowth of this practice," the Seventh Circuit recognizes three categories of cases brought by FDCPA plaintiffs:

> The ***first category*** includes cases in which the allegedly offensive language is plainly and clearly not misleading. In cases of this nature, no extrinsic evidence is needed to show that the reasonable unsophisticated consumer would not be confused by the pertinent language. The ***second category*** of cases includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer. If a case falls into this category, "we have held that plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." The final [***third category***] category includes cases involving letters that are plainly deceptive or misleading, and therefore do not require any extrinsic evidence in order for the plaintiff to be successful.

*Lox*, 689 F.3d at 822 (citations omitted) (emphasis added); *Ruth v. Triumph*, 577 F.3d 790, 900 (7th Cir. 2009) (describing the "three distinct categories").

8. SWC's letter falls within the first category because it (a) complies with § 1692g by providing the name of the current creditor, and is "plainly and clearly not misleading." *Lox*, 689 F.3d at 822. Section 1692g requires "the name of the creditor to whom the debt is owed" be contained in initial communications. 15 U.S.C. § 1692g(a)(2). Jeff Hazzard's Affidavit, attached hereto, establishes that at the time SWC sent its collection letter to Plaintiff, MONI was the actual creditor. Exhibit A at 2 ("Monitronics International, Inc. is a security company which contracted with SWC… In September of 2016, Monitronics International, Inc. decided to rebrand to MONI… [which] was rolled out on October 1, 2016."). Nothing in § 1692g requires anything more in terms of how to state the name of the current creditor. The letter identified "MONI" as the current creditor, thus, SWC appropriately and plainly stated the name of the current creditor in compliance with § 1692g.

9. The identification of MONI as the creditor would also not be confusing on its face to the unsophisticated consumer because the unsophisticated consumer can be presumed to know his or her account history. *Lox*, 689 F.3d at 822; *Harrer v. RJM Acquisitions, LLC*, No. 10-CV-7922, 2012 WL 162281, at *2 (N.D. Ill. Jan. 19, 2012) ("The unsophisticated consumer knows his account history.") (citing *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)). Here, Plaintiff had signed a cancellation letter to Monitronics and vaguely remembered Monitronics. Exhibit E at 30:1-9; 31:2-25; Depo. Exhibit 2. This letter contained the following statement in handwriting "Our customer #601119902". Depo. Exhibit 2. SWC's collection letter identified the Creditor Account No. as "601119902". Exhibit B. The unsophisticated consumer is presumed to be able to make "logical deductions" and would not read the Letters in a "bizarre or idiosyncratic" fashion and "is not relieved of all responsibility." *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838, 841 (7th Cir. 2007); *see also, Pettit*, 211 F.3d at 1060. Applying

Plaintiff's knowledge that she had account #601119902 with Monitronics and was sent a collection letter with **the same account number** for a creditor identified as "MONI", the letter could not be confusing on its face to Plaintiff or the unsophisticated consumer.

10.  Given Plaintiff's knowledge of her Monitronics Account #601119902 reflected by the Contract and her cancellation letter, the plain language of the letter stating MONI as the creditor for Creditor Account No. 601119902 makes the letter "plainly and clearly not misleading" and for which "no extrinsic evidence is needed to show that the reasonable unsophisticated consumer would not be confused by the pertinent language." *Lox*, 689 F.3d at 822; *Harrer*, 2012 WL 162281, at *2. As an unsophisticated consumer is able to make logical deductions, an unsophisticated consumer should have the ability to associate MONI with Monitronics, especially when the unsophisticated consumer is provided with an account number which she has shown she is familiar with per her cancelation letter.

11.  Furthermore, if Plaintiff had confusion about who the creditor was, believed she did not owe a debt to MONI, *et cetera*, Plaintiff could have simply turned to her rights under FDCPA §§ 1692g(a)(4) or (5) detailed in SWC's letter and either sent a written dispute to SWC to obtain and mail her verification of the debt, or request the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §§ 1692g(a)(4), (5). The FDCPA inherently is designed to assist a debtor who needs clarification. Such a request would have resolved any confusion the Plaintiff allegedly had. Based on the forgoing SWC did not violate the FDCPA.

**C. A letter sent by Plaintiff's counsel to SWC impliedly shows she knew who MONI was.**

12.  On April 18, 2018, SWC received a letter from Plaintiff's counsel, Community Lawyers Group, regarding the subject debt. Exhibit A at 2; Exhibit D. In such letter, Community Lawyers Group on behalf of Plaintiff, identified the subject debt as "ACCOUNT: 601119902 (MONI)".

Exhibit D. The letter goes on to state "[Plaintiff] regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses exceed the amount of income they receive, and the debt reported on the credit report is not accurate. If their circumstances should change, we will be in touch." *Id*. This letter was sent on Plaintiff's behalf by her attorneys representing her in this case.

13. Thereafter, this lawsuit was filed asserting that Plaintiff "was confused, and an unsophisticated consumer would be confused as to whom the debt was allegedly owed", yet in this letter, Plaintiff acknowledges the debt, account number, and creditor, and only states she is unable to pay and the debt reported on her credit report is not accurate, without stating **anything about not knowing who the creditor is**. This letter, Plaintiff's cancellation letter referencing Monitronics, the cancellation letter and SWC's letter both containing the same account number all lead to a finding that Plaintiff and any unsophisticated consumer would not be confused as to whom the debt was owed. Summary judgment is proper in this case.

### III. CONCLUSION

14. Based on the evidence, there is no violation of the FDCPA. SWC's letter properly identified the creditor, MONI, at the time the letter was sent. Plaintiff's had knowledge of Monitronics and actual account number of the debt to which SWC's letter referenced. The letter sent by Plaintiff's counsel prior to this lawsuit did not even draw any complaint to MONI being identified as the creditor. As the unsophisticated consumer is presumed to be able to make "logical deductions" and know her own account history, SWC's letter was not confusing and did not violate FDCPA § 1692g(a)(2) as a matter of law. And rather than exercise her rights to request verification, call SWC for additional information about the debt, or other remedies, Plaintiff filed this lawsuit

instead. Based on the arguments herein and evidence attached hereto, SWC requests that this Court dismiss all claims against it.

WHEREFORE, PREMISES CONSIDERED, Defendant Southwest Credit Systems, L.P. respectfully requests this Court enter judgment in favor of Southwest Credit Systems, L.P, award its fees and costs incurred herein, and dismiss all of Plaintiff's claims with prejudice.

Dated: March 20, 2019.   Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/* Xerxes Martin
ROBBIE MALONE
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Email: xmartin@mamlaw.com
**MALONE AND MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT
SOUTHWEST CREDIT SYSTEMS LP***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been forwarded through the **CM/ECF** system on this 20th day of March, 2019.

**Celetha Chatman**
**Michael Wood**
COMMUNITY LAWYERS GROUP, LTD.
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Email: cchatman@communitylawyersgroup.com
Email: mwood@communitylawyersgroup.com

                                          */s/* Xerxes Martin
                                          XERXES MARTIN