UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN MILLER, on behalf of herself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SOUTHWEST CREDIT SYSTEMS, L.P. ) ) Defendant. ) | Civil Action No. 18-cv-04088<br><br>Hon. Rebecca R. Pallmeyer<br><br>Magistrate Judge Sidney I. Schenkier |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT C, TO ITS RESPONSE TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff, Carolyn Miller, by and through her attorneys, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(f) to strike Defendant Southwest Credit Systems, L.P.'s Declaration, Exhibit C, Declaration of Manuel H. Newburger Sworn Statement, attached to their Response to Plaintiff's Motion for Class Certification. Plaintiff states the following in support of her motion:

1. Plaintiff filed an amended motion for class certification on March 15, 2019.

2. On April 18, 2019, Defendant, Southwest Credit Systems, LP filed their Response to Plaintiff's Motion for Class Certification, which included Exhibit C, Declaration of Manuel H. Newburger.

3. Exhibit C was included in support of Defendant's argument that Plaintiff's counsel is inadequate to represent the class suggested in the instant action.

4. Defendant's inclusion of Exhibit C after discovery was closed is in violation of Fed. R. Civ. P. 26(a)(2)(A), 26(e)(1)(A) and Rule 37(c)(1).

5. Plaintiff challenges and moves to strike Defendant's Exhibit C as a matter of law.

**DEFENDANT'S EXHIBIT**

6. Defendant included the following exhibit with their Response to Plaintiff's Motion for Class Certification:

**Exhibit C, Declaration of Manuel H. Newburger**

7. Rule 26(e)(1)(A) requires parties to supplement or correct disclosures made or responses provided "in a timely manner if the party learns that in some material respect the discovery or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

8. Defendant provided mandatory initial disclosures on August 17, 2018. (Exhibit A, Defendant's Mandatory Initial Discovery Responses). The first question requests the names and contact information of "all persons who [Defendant] believe[d] [was] likely to have discoverable information relevant to any party's claims or defenses." *Id*. at ¶ 1, pp. 1. Defendant responded that Plaintiff and Defendant were likely to have knowledge and/or evidence relating to the claims and defenses. *Id*. at pp. 1-2.

9. However, on September 4, 2018, Defendant obtained an affidavit from Manuel H. Newburger. (Exhibit C - Defendant's Response to Plaintiff's Motion for Class Certification, Dkt. #43-3). The affidavit was contained in a prior case between Defendant's counsel and Plaintiff's counsel, *Ozmun v. Portfolio Recovery Associates*, 2019 WL 1430006 (W.D.TX). In this affidavit, Mr. Newburger suggests that Plaintiff's counsel has "little evidence of real experience…[and do not]…possess the slightest ability as attorneys." Dkt. #43-3 at 10-11.

10. Mr. Newburger's assertions are in direct opposition of Plaintiff's claim that she "has retained counsel experienced in class action litigation including class actions brought under the FDCPA." (Complaint, Dkt. #1, pp. 5). Defendant's initial disclosure was, therefore, materially incorrect because it excluded evidence that suggests the exact opposite of Plaintiff's

2

claims in her Complaint. Under Rule 26(e)(1)(A), Defendant was required to correct this disclosure. Defendant did not and, as such, Plaintiff was unaware that the affidavit would be used in the instant case.

11. Defendant sent the first supplemental responses to their mandatory initial discovery responses on November 12, 2018. (Exhibit B, Defendant's First Supplemental Mandatory Initial Discovery Responses). The second supplemental responses were sent on January 9, 2019. (Exhibit C, Defendant's Second Supplemental Mandatory Discovery Responses). Defendant's third supplemental responses were sent on February 14, 2019. (Exhibit D, Defendant's Third Supplemental Mandatory Initial Discovery Responses). Defendant did not mention Mr. Newburger within those documents even though they had had Mr. Newburger's affidavit for almost five months by the time the third supplemental responses were sent. *Id*. at pp. 3. This is in violation of Rule 26(e)(1)(A).

12. Plaintiff also sent a list of interrogatories, requests to admits and requests for production within which were questions regarding potential witnesses. Specifically, Interrogatory 7 states, "Identify all persons who may have any personal knowledge regarding the allegations in this case, and state the substance of each person's knowledge." (Exhibit E, Defendant Southwest Credit Systems, LP's Objections and Answers to Plaintiff's First Set of Interrogatories, ¶ 7, pp. 2).

13. Defendant sent their first responses to Plaintiff's discovery requests on November 26, 2018, within which Defendant objected to Interrogatory 7 for being "duplicative of Initial Disclosures" and referred back their initial disclosures and subsequent amendments and supplements. *Id*. Defendants also sent supplemental responses to Plaintiff's discovery requests on February 14, 2019. (Exhibit F, Defendant Southwest Credit Systems, LP's First Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories).

14. However, Mr. Newburger was never mentioned in any of the aforementioned documents, even though, as the author of the Defendant's Exhibit C, he possesses knowledge in relation to Plaintiff's claim that her counsel is adequate to represent the class.

15. Plaintiff's was not informed that Defendant's counsel would be utilizing Mr. Newburger's affidavit in the instant case until the deadline for fact discovery, March 5, 2019, passed. Plaintiff no longer has the opportunity to depose Mr. Newburger.

16. Defendant should not be allowed to use Mr. Newburger's affidavit as evidence after the discovery deadline has passed. Especially, since Defendant had many opportunities to inform Plaintiff that the affidavit would be used in the instant case and never used them.

17. Defendant is unable to argue that their provision of Defendant's Exhibit C at this juncture is in line with the tenets of Rule 26(e) because this Court has already established that "Rule 26(e) does not give the producing party a license to disregard discovery deadlines…under the guise of the 'supplement' label." *Lexington Insurance Company v. Horace Mann Insurance Company*, 2015 WL 5174159 *6 (N.D.IL) (internal citations omitted).

18. In addition, Defendant's Exhibit C was not provided to Plaintiff in the form of a supplemental response. Instead, it was snuck in with Defendant's Response to Plaintiff Motion for Class Certification. Rule 26(e) "was never intended to allow material to be smuggled into a case inside a Trojan horse." *Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, 2016 WL 7034074 *3 (N.D.IL).

19. Defendant presents Mr. Newburger as an expert. However, Defendant has not provided Plaintiff with any evidence that shows that Mr. Newburger is qualified to provide an expert opinion.

20. Under the Federal Rules of Evidence 702, an expert is "a person who possesses 'specialized knowledge' due to his 'skill, experience, training, or education' that 'will assist the

trier of fact to understand the evidence or to determine a fact in issue.'" *Obrycka v. City of Chicago et. al*, 792 F.Supp.2d 1013, 1018 (N.D.Ill., June 2, 2011) (internal citations omitted).

21. Rule 702 also states that "(1) the testimony must be based upon sufficient facts or data; (2) it must be the product of reliable principles and methods; and (3) the witness must have applied the principles and methods reliably to the facts of the case." *Id*. "An expert may be qualified to render opinions based on experience alone," *Id.* at 1019, as long as they "employ in the courtroom the same level of intellectual rigor that characterize the practice of an expert in the relevant field." *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

22. Defendant cannot argue that Mr. Newburger is an expert based on his experiences alone. Mr. Newburger is an attorney and the "Vice President of Barron & Newburger, P.C." Dkt. 43-3, pp. 1. It is unlikely that his position provides him with the legal expertise and specialized knowledge to determine whether counsel is adequate to represent class members or not. *See Walker v. Soo Line Railroad Company*, 208 F.3d 581 (7th Cir. 2000) (where an electrical engineer's testimony on "how lightning could have penetrated [a railroad] tower" was admitted because he "work[ed] for a power company, where he was responsible for ensuring the safety of its facilities from lightning").

23. Mr. Newburger did not conduct an objective analysis of a sufficient data pool to reach the opinions outlined in the affidavit. In addition, his opinions are not the product of any relevant principles. Mr. Newburger's affidavit is based solely on his interactions with Plaintiff's counsel. It is a subjective opinion that did not require any intellectual rigor. Defendant has also not provided any evidence of Mr. Newburger's expertise on the subject matter discussed in the affidavit. Thus, Mr. Newburger does not qualify as an expert under Rule 702.

24. However, even if this Court determined that Mr. Newburger qualified as an expert, Defendant's Exhibit C is in violation of Rule 26(a)(2)(A). Rule 26(a)(2)(A) requires that

the identity of any expert witness a party plans on using at trial must be disclosed to the other party. This means that Defendant was required to disclose Mr. Newburger's identity to Plaintiff.

25. Even though an expert discovery deadline was not set in the instant case, Defendant was required to disclose their expert witnesses in a timely manner. In *Novak v. Board of Trustees of Southern Illinois*, the Seventh Circuit stated that "Federal Rules of Civil Procedure 26(a)(2) requires parties to timely disclose their expert witness in accordance with any deadlines set by the district court." 777 F.3d 966, 972 (7th Cir. 2015). This means Defendant was required to provide Plaintiff with, at least, Mr. Newburger's contact information before the fact discovery deadline, March 5, 2019.

26. However, Plaintiff was never provided with Mr. Newburger's name nor was Plaintiff informed that his affidavit would be used in the instant case before the discovery deadline passed. This is in violation of Rule 26(a)(2).

27. In *Finwall v. City of Chicago et. al*, this Court did not allow the expert testimony submitted by Plaintiff to be used as evidence because it was offered a day before the discovery deadline. This Court stated that "[i]t would be…inappropriate to provide expert reports so near to the close of discovery that the other side could neither depose the expert nor engage a rebuttal expert of its own." 239 F.R.D. 494, 499 (N.D.Ill., May 31, 2006).

28. Plaintiff argues that the situation in the instant case is even more egregious as Mr. Newburger's affidavit was provided *after* discovery was closed. It would be unfortunate if the affidavit were included as evidence. Especially, since Plaintiff was never given an opportunity to depose Mr. Newburger or obtain her own expert. Defendant should, therefore, not be allowed to use the affidavit as evidence.

29. Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or

witness to supply evidence…unless such failure was substantially justified or harmless." District courts are tasked with determining whether an exclusion is justified or harmless. *Dynegy Marketing and Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011).

30. Defendant's Exhibit C was provided more than a month after the discovery deadline passed. Defendant should not be allowed to use the information it contains to supply evidence. Plaintiff also argues that Defendant's exclusion of Defendant's Exhibit C was not justified or harmless.

WHEREFORE, Plaintiff respectfully requests entry of an order striking Defendant's Exhibit C included with Defendant's Response to Plaintiff's Motion for Class Certification and for any other and further relief this Court deems just and appropriate.

Respectfully submitted,

By: *Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: 312.757.1880
Fx: 312.265.3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

CERTIFICATE OF SERVICE

  I Celetha Chatman, an attorney, hereby certify that on May 1, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated:                          Respectfully submitted,

                            By:_____

Celetha Chatman
Michael Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: 312.757.1880
Fx: 312.265.3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com