UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN MILLER, on behalf of herself and others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SOUTHWEST CREDITS SYSTEMS, L.P. ) ) Defendant. ) | Civil Action No. 1:18-cv-04088<br><br>Hon. Rebecca R. Pallmeyer |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff CAROLYN MILLER ("Plaintiff"), by and through her attorneys, and pursuant to Federal Rule of Civil Procedure 56, submits her Response to Defendant's Motion for Summary Judgment as follows:

**I.     INTRODUCTION**

On March 20, 2019, Defendant Southwest Credit Systems, L.P. ("Defendant" or "Southwest") filed a motion for summary judgment arguing that it is entitled to summary judgment on all of Plaintiff's claims. [Dkt. #40]. Defendant claims that it properly identified the creditor as required by FDCPA §1692g(a)(2) because at the time the collection letter at dispute ("Letter") was sent, "MONI was the creditor to whom the debt was owed." [*Id.* pp. 2]. Defendant's argument is without merit and this Court should therefore deny its motion for judgment and in turn, grant Plaintiff's motion for summary judgment.

Defendant offers several irrelevant assertions in its Statement of Material Facts [Dkt. #40-1] to which Plaintiff has responded and hereby incorporates her response by reference. Defendant claims that the account number and entity listed on the Letter sent on March 29, 2018

1

matches the account number and entity mentioned in Plaintiff's cancellation letter sent on October 19, 2014. However, the entity mentioned in Plaintiff's cancellation letter is "Monitronics," while the entity mentioned in the Letter is "MONI." Monitronics International, Inc. ("Monitronics") went through a rebranding prior to the Letter being sent. [Plaintiff's SOF ¶ 14]. Plaintiff had no reason to know about the rebranding, and Defendant never stated in the Letter sent to Plaintiff that these entities were one and the same. Thus, Defendant violated 15 U.S.C. 1692g(a)(2) when it failed to clearly list the creditor to whom the debt is owed.

**II.     ARGUMENT**

**A.     Defendant violated §1692g by not properly identifying the name of the creditor**

Defendant asserts that the Letter sent to Plaintiff listed the name of the current creditor and is "plainly not false, deceptive, or misleading." Dkt. 40, pp. 4. Plaintiff's argument falls under §1692g where the question is whether the information provided in the collection letter was communicated "in a way that was not confusing." *Braatz v. Leading Edge Recovery Solutions, LLC*, et al., 2011 WL 9528479 *1 (N.D. Ill. Oct. 20, 2011). Defendant argues that Plaintiff's argument falls under §1692(e) where the focus is on determining whether a debt collector used "false, deceptive, or misleading representation or means in connection with the collection of [a] debt. *Lox v. CDA Ltd.*, 689 F.3d 818, 821 (7th Cir. 2012), quoting 15 U.S.C. §1692(e).

Defendant tries to fit the instant case in one of three categories discussed in *Lox*. (Dkt. #40, pp. 5-7). However, the Seventh Circuit in *Lox* explained that, "we treat the question of whether an unsophisticated consumer would find certain debt collection language misleading as a question of fact. As an outgrowth of this practice we have determined that there are three categories of §1692e cases." *Lox*, 689 F.3d at 822 (internal citations omitted). The instant case is a *§1692g* case, as such, it is not required to fit in an §1692e category.

Defendant also cites to *Ruth v. Triumph Partnerships*, where the three distinct categories for analyzing "deceptive or misleading statements" were outlined. 577 F.3d 790, 800 (7th Cir. 2009); Dkt. #40, pp. 5. *Ruth* is distinguished from the instant case because, here, Plaintiff is alleging that the Letter is confusing, not deceptive or misleading, and that Defendant is liable under §1692g, not §1692e. Similarly, Defendant cites to *Harrer v. RJM Acquisitions, LLC*, 2012 WL 162281 (N.D.Ill. Jan 19, 2012) and *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). (Dkt. #40, p. 6). These cases involved claims brought under §1692e, §1692f, and §1692d. Again, the instant case deals with a §1692g claim, and the standards enumerated under other sections are irrelevant.

Even if the instant case were to be placed in a §1692e category, the Letter would still be in violation of the FDCPA. Defendant's argues that the Letter is plain and clearly not misleading because "at the time SWC sent its collection letter to Plaintiff, MONI was the actual creditor." (Dkt. #40, p. 6). However, "a letter might be literally true, but still misleading or confusing." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 344 (7th Cir. 2018). Even if MONI was the name of the creditor at the time the Letter was sent, it does not change the fact that the Letter was confusing. *Id*. The rebrand occurred two years after Plaintiff had cancelled her agreement with Platinum Protection and Monitronics. *See* Exhibit C. The Letter was also sent four years after the Plaintiff cancelled her agreement. *See* Exhibit B. Debt collectors are required to make disclosures outlined in the FDCPA in a manner that is easily understood by the unsophisticated consumer. *Bartlett v. Heibl*, 128 F. 3d 497, 500 (7th Cir. 1997). Plaintiff needed more than just the word "MONI" to determine who the creditor was and to whom the debt was owed.

The Plaintiff in this case was confused, not misled or deceived. Prior to the receipt of the Letter, she had never interacted with a company called MONI. *See* Exhibit A, B, and C. Plaintiff

3

signed an agreement with Platinum Protection, LLC ("Platinum Protection"). *See* Exhibit A. In an inconspicuous part of the agreement, Monitronics International was mentioned. *Id*. In October 19, 2014, Plaintiff cancelled her agreement with Platinum Protection and Monitronics. *See* Exhibit B. About two years later, Monitronics rebranded as MONI. (Affidavit of Jeff Hazzard for Southwest Credit Systems, L.P., ¶ 6). About four years after Plaintiff sent her cancellation letter, Defendant sent a collection letter to her. *See* Exhibit C, Collection Letter. It is unreasonable to expect an unsophisticated consumer to kept up with news about Monitronics after they cancelled their agreement, especially, since the agreement was actually signed with Platinum Protection. See Exhibit A. As such, Plaintiff needed more than a single word to determine who the creditor to whom the debt was owed. Without more information within the Letter sent by Defendant, Plaintiff was confused on whom she owed money to. Thus, the Letter was in violation of §1692g(a)(2).

Defendant does cite to case law dealing with §1692g, but the facts are not at all similar. In *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007), the court dealt with how a debt collector should word the amount of a debt in a dunning letter. The court, citing *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 513 (7th Cir. 2004) and *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000), enumerates that unsophisticated consumers have "a minimal obligation to be able to make basic logical deductions and inferences and to not interpret collection letters in a bizarre or idiosyncratic fashion." *Barnes*, 493 F.3d at 841 (internal citations omitted). Using that standard, Plaintiff should still succeed on her claim. Plaintiff signed a contract with Platinum Protection in 2011. *See* Exhibit A. Plaintiff cancelled her subscription with "Platinum Protection or Monitronics," unsure which entity was proper, in 2014. *See* Plaintiff's Cancellation Letter, attached as Exhibit

B. Plaintiff was unaware of Monitronics' rebranding into MONI in 2016, and making a "basic logical deduction" off of one word in a debt collection letter nearly four years later would not have led her to the conclusion that Monitronics and MONI were the same creditor.

When making §1692g claims, Plaintiff must show that the collection letter sent would be confusing to a "significant fraction of the population." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574-75 (7th Cir. 2004). "[A] violation of the FDCPA occurs when a dunning letter is confusing to the unsophisticated consumer, even if the letter technically complies with the FDCPA." *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). In *Durkin v. Equifax Check Services*, the Seventh Circuit stated that "when an FDCPA violation is so 'clearly' evident on the face of the collection letter, a court may award summary judgment to the FDCPA plaintiff." 406 F.3d 410, 415 (7th Cir. 2005). The court further explained that "mere speculation that a collection letter confuses the unsophisticated debtor is not enough for an FDCPA plaintiff to survive an opposing debt collector's summary judgment motion." *Id*. An FDCPA plaintiff is required to "show that the challenged 'language of the letters unacceptably increases the level of confusion." *Id*. quoting *Johnson v. Revenue Mgmt. Corp*, 169 F.3d 1057, 1060 (7th Cir. 1999). Generally, "a complaint that alleges that a letter was confusing, which can later be proven through…evidence, is sufficient to state a claim." 2011 WL 9528479 at *1. Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion. *Id.* Section 1692g(a) does not have an additional materiality requirement, express or implied. *Id.*

5

Here, the Letter at dispute only stated that "MONI" was the "Creditor," which was confusing, as MONI is not a registered business entity in Illinois. *See* Illinois Secretary of State's Business Lookup, https://www.ilsos.gov/corporatellc/. Any unsophisticated consumer who received a Letter such as the one Plaintiff received would have been confused. Unlike Amazon or Netflix, MONI is not a household name that we can assume most consumers are familiar with. Any unsophisticated consumer would have needed more than just MONI to figure out who the current creditor is. In addition, the Letter did not contain any information that suggests what type of entity MONI is supposed to be (such as LLC, Inc., etc). *See* Exhibit C. The burden is not on consumers to learn who the original creditor is when a debt is being collected against them; §1692g(a)(2) specifically requires debt collectors to give them that information. However, even if a consumer took the extra step of conducting a Google search for "Illinois" and "MONI," they would not readily find that MONI and Monitronics are the same. The Letter, therefore, creates a level of confusion that is unacceptable, in violation of §1692g(a)(2).

In *Osideko v. LJ Ross Associates, Inc.*, the defendant sent a letter to the plaintiff that stated that the name of the current creditor was "Wec (2134) (PEOPLE GAS & COKE COMPANY)." 2019 WL 1915666 *1 (N.D.Ill. April 30, 2019). The plaintiff argued that he was confused and could not determine who the current creditor was, Wec or People Gas & Coke Company. *Id*. The plaintiff was also not sure if the alleged debt was owned in "equal or unequal parts" by both companies. *Id*. The Court found that §1692g was not violated because the collection letter "included a commonly-used acronym or shortened name, "Wec," *and* the name [plaintiff] would be more likely to recognize because it is the one under which Wec Energy Group usually transacts with him, 'People Gas & Coke Company.'" *Id*. at *2.

Here, the Letter only referred MONI, a rebranded name for Monitronics International, Inc. The word "Monitronics" was not included in the Letter. *See* Exhibit C. In addition, the name of the company that the Plaintiff generally interacted with, Platinum Protection, was also not included in the Letter. *Id*. MONI was not a name associated with Monitronics at the time Plaintiff was in an agreement with Platinum Protection. *See* Exhibits A and B, showing the duration of Plaintiff's relationship with Monitronics from 2011 to 2014. MONI is not a commonly known entity, and that word on its own would not have been clear to an unsophisticated consumer as to whom that entity is. The Letter, thus, violated §1692g(a)(2).

Defendant points to the fact that an unsophisticated consumer is required to know her account history when arguing that because of this requirement, the Letter at dispute was not confusing on its face. (Dkt. #40, p. 6). However, if the unsophisticated consumer cancelled her agreement long before a collection letter was sent and signed an agreement with an entity different from the entity mentioned in said letter, it is highly unlikely for her to make the leap of a logical deduction that the account is one and the same. Plaintiff, in particular, has no document in her account history with the name "MONI" on it, excepting the Letter sent by Defendant. See Exhibit A, B, and C. It is confusing to use a name that an unsophisticated consumer, like Plaintiff, has no knowledge of, and expect her to look through years of her account history to figure out who the named entity is.

Defendant also states that Plaintiff signed her cancellation letter in which Monitronics was mentioned and acknowledged she vaguely remembered Monitronics during her deposition. *Id*. The cancellation letter was sent about four years before the Letter at dispute was sent to Plaintiff. Also, it mentioned Monitronics, not MONI. See Exhibit B. Plaintiff said she vaguely remembered Monitronics, not MONI. Monitronics was never mentioned in the Letter sent to

Plaintiff, MONI was the only entity mentioned. See Exhibit C. It was Defendant's responsibility to make sure that the Letter was not confusing and would not lead to any misunderstandings. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). The letter was not plain nor was it clearly not misleading. Defendant's collection letter fits squarely in third category, which involves "collection notices [that] are clearly misleading on their face." *Ruth*, 577 F.3d at 801.

Defendant also argues that because the Letter had the same account number mentioned in the Plaintiff's cancellation letter, she had an idea what account the Letter pertained too. (Dkt. #40, pp. 7). Defendant asserts that the unsophisticated consumer should be able to associate MONI with Monitronics especially when provided with an account number she is familiar with. *Id*. However, as previously mentioned, the account number was mentioned in a cancellation letter that was sent four years prior to the Letter at dispute in the instant case. See Exhibit B. It is unreasonable to expect Plaintiff to remember the specific account number. Defendant asserts that Plaintiff could have sent a dispute letter or requested the name of the original creditor as mentioned in the Letter. *Id*. However, as the Seventh Circuit points out in *Lox*, while "'[a]n unusually savvy consumer… would seek clarification…we are not…to read the language [within collection letters] from the perspective of a savvy consumer, and consumers are under no obligation to seek explanation of confusing…language in debt collection letters.'" 689 F.3d at 826, quoting *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011). Therefore, the Letter Defendant sent to Plaintiff was in violation of §1692g(a)(2).

  **B.**  **Letter sent by Plaintiff's Counsel was not included as an exhibit and should be stricken**

Defendant points out that Plaintiff's counsel sent a letter to Defendant stating that "[she] regrets not being able to pay, however, at this time they are insolvent, as their monthly expenses

exceed the amount of income they receive, and the debt reported on the credit report is not accurate. If their circumstances should change, we will be in touch." (Dkt. #40, pp. 7) The Letter also included the account number, alleged debt amount, and the supposed creditor name, MONI. *Id*. Plaintiff's counsel never mentioned Plaintiff was confused in the letter. *Id*. However, Plaintiff later filed a lawsuit arguing that she was confused by the Letter. *Id*.

Defendant attaches Jeff Hazzard's affidavit where Mr. Hazzard acknowledged that the letter was received by Defendant. Defendant also stated that the letter was attached to their Motion for Summary Judgment as Exhibit D. However, Exhibit D is the cancellation letter sent by Plaintiff in 2014. None of the exhibits provided by Defendant are the letter allegedly sent by Plaintiff's counsel. (Dkt. #40). The cancellation letter does not have the previously quoted statement. See Exhibit B. In addition, the cancellation letter does not show that plaintiff knew who MONI was. It only shows that in 2014, Plaintiff included the name Monitronics in her cancellation letter.

Plaintiff also argues that Defendant's reference of a document that was never provided in discovery by either side is improper and any reference to the alleged document should be stricken. In *Wachovia Securities, LLC v. Neuhauser*, Wachovia tried to include new allegations and exhibits with its Motion for Partial Summary Judgment. 528 F.Supp.2d 834 (N.D.Ill. Nov. 29, 2007). This Court struck the exhibits and new allegations because they were not included in Wachovia's previously filed pleadings. *Id*. at 849. "It wasn't until discovery closed…that the new misrepresentation allegations were pleaded along with the corresponding exhibits. *Id*. Like in *Wachovia*, Defendant's reference to the illusive "correct" Exhibit D should be stricken. Defendant did not reference this alleged letter in any of its previous pleadings. They waited until after discovery closed on March 5, 2019 to mention the illusive "correct" Exhibit D.

9

## IV.   CONCLUSION

**WHEREFORE**, Plaintiff, CAROLYN MILLER, respectfully requests that this Court deny Defendant's motion for summary judgment and grant summary judgment in her favor, and for any other or further relief the Court deems just and proper.

                                                  Respectfully submitted,

                                                  By: /s/  *Celetha Chatman*
                                                  One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
***Community Lawyers Group, Ltd.***
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

     I, Celetha Chatman, an attorney, hereby certify that on May 2, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: May 2, 2019**                                    Respectfully submitted,

                                                  By:    /s/ *Celetha Chatman*

11