**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CAROLYN MILLER, neé Webber, on behalf of herself and others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:18-cv-04088 |
| v. | ) | |
| | ) | |
| SOUTHWEST CREDIT SYSTEMS, L.P. | ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT SOUTHWEST CREDIT SYSTEMS, L.P.**</u>

Plaintiff, Carolyn Miller, by and through her attorneys at Community Lawyers Group, Ltd., pursuant to Federal Rule of Civil Procedure 56, submits this Memorandum of Law in Support of her Motion for Summary Judgment as follows:

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................................1

FACTS ......................................................................................................................................1

THE FAIR DEBT COLLECTION PRACTICES ACT...........................................................2

LEGAL STANDARD................................................................................................................3

ARGUMENT.............................................................................................................................4

    I.     PLAINTIFF HAS SATISFIED THE PREREQUISITE REQUIREMENTS OF THE

FDCPA.......................................................................................................................................4

         *A. Plaintiff is a "Consumer" under the FDCPA* ...............................................................5

         *B. Defendant Southwest Credit Systems, L.P. is a "Debt Collector" under the FDCPA*....5

         *C. The Alleged Debt is a "Debt" under the FDCPA*...........................................................6

    II.    DEFENDANT FAILED TO PROVIDE PLAINTIFF WITH NOTICE OF HER

CREDITORS, IN VIOLATION OF 15 U.S.C. § 1692G(A)(2) .......................................................6

CONCLUSION..........................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................4

*Aribal v. GMAC Mortgage, LLC*, No. 12 C 9735, 2013 WL 3894282 (N.D. Ill. July 29, 2013)....7

*Bartlett v. Heibel*, 128 F.3D 497 (7TH CIR. 1996) .........................................................7

*Blow v. Bijora, Inc.*, 855 F.3D 793 (7th Cir. 2017) ........................................................4

*Braatz v. Leading Edge Recovery Solutions, LLC, et al.*, No. 11 C 3835, 2011 WL 9528479 (N.D. Ill. Oct. 20, 2011)..................................................................................8

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990)........................................................3

*Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 105*, 824 F.3d 645 (7th Cir. 2016)................................................................................................4

*Cedillo v. Int'l Assoc. of Bridge & Structural Iron Workers, Local Union No. 1*, 603 F.2d 7 (7th Cir. 1979).................................................................................................3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...............................................................3

*Durkin v. Equifax Check Servs.*, 406 F.3d 410 (7th Cir. 2005) .......................................7

*Evans v. Portfolio Recovery Assocs., LLC*, No. 15 C 4498, 2016 WL 6833930 (N.D. Ill. Nov. 20, 2016)....................................................................................5

*Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) ..................................3

*Gonzales v. Arrow Fin. Servs. LLC*, 660 F.3d 1055 (9th Cir. 2011) ..............................8

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016) ....................6,7,9,10

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010)..........................1

*Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057 (7th Cir. 1999) ................................7

*Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) ...............................................................3

*Keen v. Omnibus Int'l, Inc.*, No 98 C 3947, 1998 WL 485682 (N.D. Ill. Aug. 12, 1992) .............7

*Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012) ............................................................8

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) ..........................................3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ............................................................................................................4

*Osideko v. LJ Ross Assocs., Inc.*, 2019 WL 1915666 (N.D. Ill. April 30, 2019) ....................7,8,9

*Simpson v. Safeguard Properties, LLC*, No. 13 CV 02453, 2017 WL 4310674
(N.D. Ill. Sept. 28, 2017) ..........................................................................................................4

*Taylor v. Calvary Inv., LLC*, 365 F.3d 572 (7th Cir. 2004) ........................................................7

*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991 (7th Cir. 2003) ........................................3

*Walls v. United Collection Bureau, Inc., et al.*, No. 11 C 6026, 2012 WL 1755751
(N.D. Ill. May 16, 2012) ............................................................................................................8

**Statutes**

15 U.S.C § 1692 *et seq* ..........................................................................................................1
15 U.S.C § 1692a ......................................................................................................................1
15 U.S.C § 1692a(3) ..............................................................................................................4,5
15 U.S.C § 1692a(5) ..................................................................................................................6
15 U.S.C § 1692a(6) ..............................................................................................................2,5
15 U.S.C § 1692e ..................................................................................................................1,3
15 U.S.C § 1692g ..................................................................................................................1,7
15 U.S.C § 1692g(a) ..........................................................................................................1,6,7,9
15 U.S.C § 1692g(a)(2) ..............................................................................................1,4,6,7,8,9,10

**Rules**

Local Rule 56.1(a)(3) ................................................................................................................1
Fed. R. Civ. P. 56(c) ................................................................................................................3
Fed. R. Civ. P. 56(e) ................................................................................................................4

**Other Authorities**

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697 ...........3

## INTRODUCTION

Plaintiff submits this Memorandum of Law in Support of her Motion for Summary Judgment in her favor of her claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

For the reasons set forth in this memorandum, Plaintiff's motion, and Plaintiff's Local Rule 56.1(a)(3) Statement of Material Facts in Support of Motion for Summary Judgment on Liability (hereinafter "Statement of Facts" or "SOF"), Plaintiff respectfully requests that this court grant summary judgment to Plaintiff and against Defendant Southwest Credit Systems, L.P. ("Defendant" or "SWC").

The FDCPA is a consumer protection statute, the purpose of which is "to eliminate abusive debt collection practices by debt collectors[.]" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) (quoting 15 U.S.C. § 1692(e)). Congress created the FDCPA in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

Defendant failed to effectively state the name of the creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2), when it sent Plaintiff a collection letter ("Letter") on or about March 29, 2018 that failed to adequately disclose the current creditor of the alleged debt. (SOF ¶12).

## FACTS

Plaintiff currently resides at 321 N. Liberty Street, Elgin, IL 60120. (SOF ¶1). She is natural person who incurred debt for goods and services used for personal or household purposes. (SOF ¶8). Defendant is a Texas Limited Partnership that transacts business in Illinois. (SOF ¶2). Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others from Illinois consumers, and is registered as a collection agency with the Illinois Department of Financial and Professional

Regulation. (SOF ¶¶4-5). Defendant is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because it regularly collects defaulted consumer debts. (SOF ¶3).

Plaintiff signed an agreement with Platinum Protection, LLC on July 30, 2011. (SOF ¶6). Although Plaintiff signed an agreement with Platinum Protection, Monitronics Funding, LP and Monitronics International, Inc. were listed in the Alarm Monitoring Agreement as entities that Platinum Protection, LLP "may assign or subcontract all or any portion of" the agreement to. (SOF ¶7). Plaintiff sent a letter to "Platinum Protection or Monitronics" on October 19, 2014, cancelling the "security service" outlined in the agreement. (SOF ¶9). At that time, Monitronics International, Inc. ("Monitronics") was using its full name to do business with consumers. (SOF ¶10). SWC subsequently began collecting the alleged debt. (SOF ¶11). On or about March 29, 2018, SWC sent a Letter to Plaintiff regarding the alleged debt. (SOF ¶12). The Letter was SWC's initial communication with Plaintiff. (SOF ¶13). The Letter communicated information concerning the debt, including account numbers and total balance due on the alleged debt. (SOF ¶14). The Letter listed "MONI" as the "Creditor." (SOF ¶15). Prior to sending the Letter to Plaintiff, Defendant was informed that Monitronics had rebranded as MONI. (SOF ¶17). Defendant did not include any information in the Letter sent to Plaintiff that Monitronics had been rebranded as MONI. (SOF ¶18). In addition, there is no such entity named MONI registered with the State of Illinois to do business with Illinois consumers. (SOF ¶16). After receiving the March 29, 2018 Letter from SWC, Plaintiff was confused and did not know the current creditor to whom the debt was owed (SOF ¶19). Defendant understands that it up to the debt collector to list the current creditor to whom the debt is owed clearly and concisely. (SOF ¶20).

2

Given that there is no genuine issue of material fact, and for the reasons stated herein, Plaintiff respectfully requests this Court grant her Motion for Summary Judgment.

## THE FAIR DEBT COLLECTION PRACTICES ACT

In enacting the FDCPA, Congress recognized the universal agreement among scholars, law enforcement officials, and even debt collectors that the "number of persons who willfully refuse to pay just debts is minuscule [sic]…[The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 USCCAN 1695, 1697. The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. The Act is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (the FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt).

Plaintiff need not prove intent, bad faith, or negligence in an FDCPA case. *Gearing v. Check Brokerage Corp*., 233 F.3d 469, 472 (7th Cir. 2000). The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *accord, Turner v. J.V.D.B. & Associates, Inc*., 330 F.3d 991, 995 (7th Cir. 2003); *Gearing*, 233 F.3d at 472.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Cedillo v. Int'l Assoc. of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir. 1979). Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The substantive law of the issues raised by the claims asserted in the complaint determines what is "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The ordinary standards for summary judgment remain unchanged on cross-motions for summary judgment." *Simpson v. Safeguard Properties, LLC*, No. 13-CV-02453, 2017 WL 4310674, at *3 (N.D. Ill. Sept. 28, 2017); quoting *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (citing *Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 824 F.3d 645, 647–48 (7th Cir. 2016)).

By these standards, Plaintiff's motion for summary judgment should be granted.

## ARGUMENT

Defendant SWC failed to properly identify the creditor to whom the alleged debt was owed, in violation of 15 U.S.C. § 1692g(a)(2). (SOF ¶¶14-18).

### I. Plaintiff Has Satisfied the Prerequisite Requirements of the FDCPA

For a plaintiff to succeed on a claim under the FDCPA, the plaintiff must be a "consumer," and the defendant must be a "debt collector" that sought to collect a "debt" from the plaintiff, as

4

these terms are defined by the FDCPA. By the evidence, it is clear that all three of these requirements are met.

### A. Plaintiff is a "Consumer" under the FDCPA

Section 1692a(3) provides the following definition of "consumer":

**. . . any natural person obligated or allegedly obligated to pay any debt.**

15 U.S.C. § 1692a(3).

Here, Plaintiff is a natural person allegedly obligated to pay the alleged debt to SWC. (SOF ¶1).

### B. Defendant Southwest Credit Systems, L.P. is a "Debt Collector" Under the FDCPA.

Section 1692a(6) provides the following definition for "debt collector":

**. . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . .**

15 U.S.C. § 1692a(6).

Defendant SWC is a licensed debt collection agency in Illinois. (SOF ¶5); *see Evans v. Portfolio Recovery Assocs., LLC*, No. 15 C 4498, 2016 WL 6833930, at *2 (N.D. Ill. Nov. 20, 2016) (the court granted summary judgment in favor of plaintiff. In doing so, it held that the defendant was a debt collector under the FDCPA, in part because of the simple fact that they were a licensed collection agency in Illinois). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts…" 15 U.S.C. §1692a(6). Defendant is engaged in the

business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others. (SOF ¶4). Thus, Defendant SWC is a "debt collector" under the FDCPA.

### C. The Alleged Debt is a "Debt" Under the FDCPA.

Section 1692a(5) provides the following definition for "debt":

> **. . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.**

15 U.S.C. § 1692a(5).

Plaintiff is a natural person who used the account associated with the alleged debt solely for personal purposes or household purposes. (SOF ¶¶1, 8). Plaintiff did not use the account to operate any business nor did she take the credit on behalf of any business. (SOF ¶8). Given that Plaintiff has established, as a matter of law, that the debt was incurred for personal purposes and SWC has produced no evidence to the contrary, the alleged debt is therefore a "debt" under the FDCPA.

### II. Defendant Failed to Provide Adequate Notice to Plaintiff of Her Current Creditor, in violation of 15 U.S.C. § 1692g(a)(2)

15 U.S.C. § 1692g(a)(2) of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

6

Section 1692g(a) requires debt collectors to disclose specific information, including the name of the current creditor, in certain written notices they send to consumers. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). The test for whether the collection letter violates §1692g(a) is whether the letter, taken as a whole, would confuse the unsophisticated consumer about his or her rights.  *See Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997); *Keen v. Omnibus Int'l, Inc*., No. 98 C 3947, 1998 WL 485682 (N.D. Ill. Aug. 12, 1998); *Aribal v. GMAC Mortgage, LLC*, No. 12 C 9735, 2013 WL 3895282 (N.D. Ill. July 29, 2013). When making §1692g claims, Plaintiff must show that the collection letter sent would be confusing to a "significant fraction of the population." *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574-75 (7th Cir. 2004). An FDCPA plaintiff is required to "show that the challenged 'language of the letters unacceptably increases the level of confusion.'" *Durkin v. Equifax Check Services*, 406 F.3d 410, 415 (7th Cir. 2005), quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999). If a Plaintiff shows that a letter fails to disclose the required information clearly, the letter violates the FDCPA without further proof of confusion. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016).  Section 1692g(a) does not have an additional materiality requirement, express or implied. *Id*.

SWC failed to clearly identify the creditor for whom they were attempting to recover the alleged debt in its initial communication with Plaintiff.  The instant case is distinguishable from *Osideko v. LJ Ross Assocs., Inc.*, 2019 WL 1915666 (N.D. Ill. April 30, 2019). In *Osideko*, the defendant sent a letter to the plaintiff that stated that the name of the current creditor was "Wec (2134) (PEOPLE GAS & COKE COMPANY)." *Id*. *1. The plaintiff argued that he was confused and could not determine who the current creditor was, Wec or People Gas & Coke Company. *Id*. The District Court found that §1692g(a)(2) was not violated because the collection letter "included a commonly-used acronym or shortened name, 'Wec,' *and* the name [plaintiff]

would be more likely to recognize because it is the one under which Wec Energy Group usually transacts with him, 'People Gas & Coke Company.'" *Id.* at *2.

Unlike in *Osideko*, Defendant sent a Letter that did not include the name of the entity Plaintiff transacted with, Platinum Protection, LLC, nor did it include the name Monitronics International, Inc. (SOF, ¶12). Instead, on the right side of the Letter, it simply states the name "MONI" under "Creditor." (SOF ¶15). In addition, Defendant did not add clarifying information as to MONI's connection to Plaintiff in the body of the Letter. (SOF ¶18). Any unsophisticated consumer who received such a Letter would have been confused as to whom the debt was owed; Plaintiff definitely was. Defendant's Letter, thus, failed to clearly identify the creditor to whom the debt is currently owed, in violation of 15 U.S.C. §1692g(a)(2). *See Braatz v. Leading Edge Recovery Solutions, LLC, et al.,* No. 11 C 3835, 2011 WL 9528479 (N.D. Ill. Oct. 20, 2011); *Walls v. United Collection Bureau, Inc., et al.,* No. 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012).

In *Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122, 1128 (S.D.W. Va. 1990), the court enumerated principles of creditor identification that should apply here. In *Dickenson*, a creditor attempted to collect a debt using one of its own business names, but that name was different from the name it used when doing business with consumers. The court held, "a creditor may use any established name under which it is known, to collect its debts from a particular debtor as long [sic] it has consistently dealt with such debtor since the beginning of the credit relationship at issue under such name.[7]" *Id.* at 1128. In a footnote, the court expanded:

> There may of course be situations where a creditor undergoes a
> permissible name change during the course of a credit relationship.
> It appears to this Court that such a creditor would not per se fall
> within the realm of the FDCPA when attempting to collect its
> debts under its new name as long as it can establish that it had
> informed the debtor at issue of its name change and thus that the
> debtor understood that he/she was still dealing with the same
> entity.

*Id*. at fn 7.

SWC was aware of Monitronic's rebranding into MONI. (SOF ¶17). SWC'S representative, Jeff Hazzard, conceded that "it would have, hypothetically, been possible" to include a statement that explained the relationship between MONI and Monitronics under "CREDITOR." (SOF ¶21). Defendant surely had options: "MONI/Monitronics," "MONI (Monitronics)," etc. SWC did not clarify the connection between MONI and Monitronics and, as a result, Plaintiff was confused as to whom the creditor the debt was allegedly owed. (SOF ¶¶18, 19). As Mr. Hazzard conceded, it is up to SWC to list the creditor in a clear manner in its correspondence with consumers. (SOF ¶20). As such, SWC is responsible if confusion arises from communication they sent. Plaintiff was confused and unable to clearly determine who the current creditor was simply by looking at the Letter sent by Defendant, therefore, Defendant violated 15 U.S.C. § 1692g(a)(2).

The burden is not on consumers to seek clarifying information on what the words within collection letters mean. *Lox v. CDA Ltd.*, 689 F.3d 818, 821 (7th Cir. 2012), quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). ("'[C]onsumers are under no obligation to seek explanation of confusing…language in debt collection letters.'"). §1692g(a) of the FDCPA requires debt collectors to give consumers a set list of pertinent information. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 319 (7th Cir. 2016). §1692g(a)(2), specifically, requires that debt collectors provide customers with "the name of the creditor to whom the debt is owed." However, even if an unsophisticated consumer, like Plaintiff, took the extra step of conducting a Google search for "Illinois" and "MONI," they would not readily find that MONI and Monitronics are the same.

The fact that MONI is not a registered entity in Illinois would have made an online search for MONI even more difficult. (SOF ¶16). The Letter did not even contain any information that

suggests what type of entity MONI is supposed to be (such as LLC, Inc., etc). (SOF ¶15). The Letter, therefore, creates a level of confusion that is unacceptable, in violation of §1692g(a)(2).

Plaintiff signed an agreement with Platinum Protection, LLC on July 30, 2011. (SOF ¶7). Even though Monitronics was mentioned in the document, it was written in small font and in a location that suggested it was not worth remembering. (SOF ¶7). Monitronics was not known as MONI at the time this document was signed. (SOF ¶10). Plaintiff requested that the service provided by "Platinum Protection or Monitronics" be discontinued in October 19, 2014. (SOF ¶9). This letter was sent nearly two years before Monitronics rebranded as MONI. (SOF ¶¶9-10). Plaintiff had no reason to know of Monitronics' rebranding in 2016, as she terminated her agreement with them in 2014 and understood her account to be paid in full. (SOF ¶9). The Letter was confusing because it did not clearly state the name of the creditor to whom the debt is owed. Defendant, therefore, violated §1692g(a)(2).

## CONCLUSION

Plaintiff, Carolyn Miller, respectfully requests that this Court grant summary judgment in her favor on her FDCPA claims and for any other or further relief this Court deems just and proper.

Respectfully submitted,

By: /s/ *Celetha Chatman*
One of Plaintiffs' Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I, Celetha Chatman, an attorney, hereby certify that on May 13, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Dated: May 13, 2019                                    Respectfully submitted,


By: _____ /s/ *Celetha Chatman*